# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JIMMY L. CONLEY, <br> 2. LISA M. CONLEY, <br>       Plaintiffs, <br> v. <br> 1. COLUMBIA NATIONAL INSURANCE COMPANY, a Foreign For Profit Insurance Corporation, <br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.15-cv-604-JHP-FHM <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **COMPLAINT**

### **A.   Parties**

1.  Plaintiffs, Jimmy L. Conley and Lisa M. Conley, are each citizens of Tulsa County in State of Oklahoma,

2.  Defendant, Columbia National Insurance Company, is a foreign for profit insurance corporation, incorporated and organized under the laws of the state of Nebraska.

3.  The principal place of business for Defendant, Columbia National Insurance Company, is Columbia, Missouri.

4.  The Defendant, Columbia National Insurance Company, is licensed to conduct business in the state of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

5. This action is not related to any other case filed in this court.

## B. Jurisdiction

6. The court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Facts

7. At all times material hereto, the Plaintiffs, Jimmy L. Conley and Lisa M. Conley owned a commercial building located at 708 S. 49th W. Avenue, in Tulsa, Oklahoma, which was insured pursuant to an insurance, policy number CMPOK0000028958, issued by the Defendant, Columbia National Insurance Company.

8. At all times material hereto, Plaintiffs complied with the terms and conditions of said insurance policy.

9. On or about March 25, 2015, Plaintiffs' commercial property located at 708 S. 49th W. Avenue, in Tulsa, Oklahoma, sustained damage as a result of a tornado and high winds.

10. The wind and tornado damage which forms the basis of this action are covered perils not otherwise excluded pursuant to the terms and conditions of the policy issued by the Defendant.

## D. Count I Breach of Contract

11.   Plaintiffs hereby assert, allege and incorporate paragraphs 1-10 herein.

12.   The property insurance policy No. CMPOK0000028958, issued by Defendant, Columbia National Insurance Company, was in effect on March 25, 2015.

13.   The acts and omissions of Defendant, Columbia National Insurance Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute a breach of contract for which contractual and extra-contractual damages are hereby sought.   Defendant breached its contract with Plaintiffs by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiffs' commercial property. Defendant unreasonably refused to re-inspect Plaintiffs' tornado damaged property or give consideration to additional structural damages that had been omitted from Defendant's estimate and claims payment even though Plaintiffs submitted a Sworn Statement in Proof of Loss which listed a computation of damages owed to Plaintiffs for omitted damages.   Plaintiffs submitted an engineer's report that went through the scope of damage that was omitted by Defendant in its estimate.   Plaintiffs also attached an estimate that broke down the omitted damages and their affiliated cost on a line item basis.   Plaintiffs requested Defendant to meet with their contractor and engineer so that these scope and cost differences could be demonstrated and

resolved pursuant to the terms and conditions of Plaintiffs' policy. Defendant unreasonably refused to re-inspect the property or otherwise work with the Plaintiffs to resolve the scope and price differences resulting in an under payment to Plaintiffs of around $250,000.00.

14. Defendant unreasonably breached its contract with Plaintiffs by paying the claim based upon an incomplete scope of damages. This scope of damages omitted damaged structural components of Plaintiffs' building, including damages to the roof, framing, interior and exterior veneer. Plaintiffs pointed out the deficiencies in the scope of work upon which payment was based to the Defendant. Plaintiffs then submitted a sworn statement in proof of loss to Defendant for the proper scope of work and the proper payment due pursuant to the terms and conditions of the insurance policy, which calls for payment based upon the replacement cost of damaged property less a deduction for depreciation. Defendant unreasonably refused to return to Plaintiffs' property for a re-inspection to ascertain the proper scope of work and the proper amount due under the terms and conditions of the policy. Instead of issuing payment based upon the replacement cost of damaged property less a deduction for depreciation, Defendant based its payment to Plaintiffs on an improper and unreasonable "market value" of the property, contrary to Oklahoma law and the terms and conditions of the policy.

## E. Count II Bad Faith

15.   Plaintiffs hereby assert, allege and incorporate paragraphs 1-14 herein.

16.   The acts and omissions of the Defendant, Columbia National Insurance Company, in the investigation, evaluation and payment of Plaintiffs' claim were unreasonable and constitute bad faith for which bad faith and extra-contractual damages are hereby sought.   Defendant breached its contract with Plaintiffs and acted in bad faith by unreasonably failing to properly inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiffs' commercial property. Defendant unreasonably refused to re-inspect Plaintiffs' tornado damaged property or give consideration to additional structural damages that had been omitted from Defendant's estimate and claims payment even though Plaintiffs submitted a Sworn Statement in Proof of Loss which listed a computation of damages owed to Plaintiffs for omitted damages.   Plaintiffs submitted an engineer's report that went through the scope of damage that was omitted by Defendant in its estimate.   Plaintiffs also attached an estimate that broke down the omitted damages and their affiliated cost on a line item basis.   Plaintiffs requested Defendant to meet with their contractor and engineer so that these scope and cost differences could be demonstrated and resolved pursuant to the terms and conditions of Plaintiffs' policy.   Defendant unreasonably refused to re-inspect the property or otherwise work with the Plaintiffs to resolve the scope and price differences resulting in an under payment to Plaintiffs

of around $250,000.00.

17.   Defendant acted unreasonably, outside of insurance industry standards, and breached its contract in bad faith by failing to reasonably inspect, adjust, or otherwise issue adequate payment for covered damages to Plaintiffs' commercial property. Defendant acted unreasonably, in bad faith and breached its contract with Plaintiffs by paying the claim based upon an incomplete scope of damages. This scope of damages omitted damaged structural components of Plaintiffs' building, including damages to the roof, framing, interior and exterior veneer.  Plaintiffs pointed out the deficiencies in the scope of work upon which payment was based to the Defendant. Plaintiffs then submitted a sworn statement in proof of loss to Defendant for the proper scope of work and the proper payment due pursuant to the terms and conditions of the insurance policy, which calls for payment based upon the replacement cost of damaged property less a deduction for depreciation. Defendant unreasonably refused to return to Plaintiffs' property for a re-inspection to ascertain the proper scope of work and the proper amount due under the terms and conditions of the policy. Instead of issuing payment based upon the replacement cost of damaged property less a deduction for depreciation, Defendant based its payment to Plaintiffs on an improper and unreasonable "market value" of the property, contrary to Oklahoma law and the terms and conditions of the policy.

## F. Count III Punitive Damages

18. Plaintiffs hereby assert, allege and incorporate paragraphs 1-17 herein.

19. The unreasonable conduct of the Defendant, Columbia National Insurance Company, in the handling of Plaintiffs' claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiffs for which punitive damages are hereby sought.

## G. Demand for Jury Trial

20. The Plaintiffs, Jimmy L. Conley and Lisa M. Conley, hereby request that the matters set forth herein be determined by a jury of their peers.

## H. Prayer

21. Having properly plead, Plaintiffs, Jimmy L. Conley and Lisa M. Conley, hereby seek contractual, bad faith and punitive damages against the Defendant, Columbia National Insurance Company, all in an amount in excess of $75,000.00; including costs, interest and attorney fees.

Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
mcgrewslaw@yahoo.com
**ATTORNEY FOR THE PLAINTIFFS**